IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE L. WOODALL WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 C 00091 |
| | ) | |
| MOSS HOLDING and JASON POPP | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER

For the reasons set forth in the accompanying statement, the defendants' motion to dismiss [36] is granted. The Court will afford the plaintiff an opportunity to replead by April 14, 2025. Absent filing of a timely amended complaint, this case will be dismissed and judgment will be entered for the defendants.

### STATEMENT

Plaintiff Stephanie L. Woodall Wilson brought this Title VII action against her former employer Moss Holding and former supervisor Jason Popp, alleging sex discrimination and unlawful retaliation. She claims that another employee sexually harassed her by mockingly removing a scarf she had wrapped around her waist over her jeans and that she was terminated shortly after reporting the incident to Popp and to the police.

After filing, Wilson and the defendants proceeded to mediation conducted through the Illinois Department of Human Rights (IDHR). During the mediation session, Wilson verbally agreed to dismiss her lawsuit in exchange for a monetary payment. But several days later, she refused to sign a written settlement, claiming that she felt pressured to submit to its terms.

The defendants moved to enforce their oral agreement with Wilson, contending that she remains contractually bound to dismiss her lawsuit under Illinois law. In the alternative, the defendants seek dismissal under Rule 12(b)(6) on the grounds that Wilson had not alleged a plausible Title VII claim.

The Court declines to enforce the purported settlement agreement, finding that the defendants have not carried their burden to demonstrate that Wilson submitted knowingly and voluntarily to its terms. The Court also concludes that Moss was not sexually harassed. The Court finds, however, that Wilson has plausibly alleged that she was dismissed because she engaged in protected activity under Title VII—namely, reporting her allegations of sexual harassment to her supervisor and to the police.

1. **Enforcement of the Parties' Verbal Agreement to Settle**

"Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000).[1] In the Title VII context, federal law further requires that any settlement must be "knowing and voluntary"—"a prerequisite that must be satisfied after the existence of a binding agreement has been established under state contract principles." *Singleton v. Amita Health* (*Singleton II*), No. 17-cv-4514, 2018 WL 6445161, at *2 (N.D. Ill. Dec. 10, 2018), *aff'd*, 799 F. App'x 942 (7th Cir. 2020) (citing *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007)).

The Court finds no need to evaluate whether the parties' oral agreement during mediation constitutes a valid and enforceable contract per Illinois law. Assuming that it does, the defendants still bear the burden, as the parties seeking to enforce settlement of federal discrimination claims, of demonstrating that Wilson entered the agreement knowingly and voluntarily. *Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 438 (7th Cir. 1997). They have failed to meet that burden.

"Whether a settlement of an employment discrimination claim was entered into 'knowingly and voluntarily' is determined by the 'totality of the circumstances.'" *Dillard*, 483 F.3d at 507 (quoting *Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974)). Relevant factors include: "(1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the agreement; (5) whether the employee actually read the release before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part." *Baptist v. City of Kankakee*, 481 F.3d 485, 491 n.3 (7th Cir. 2007) (citing *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995)).

---

[1] As a general matter, "[o]ral settlement agreements are enforceable under Illinois law if there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (quotation marks omitted). A "meeting of the minds" exists when the parties' conduct "objectively indicates an agreement to the terms of the [contract], even if one or more parties did not subjectively intend to be bound." *Romano v. First Midwest Bancorp, Inc.*, No. 20-cv-07268, 2024 WL 1363669, at *6 (N.D. Ill. Mar. 30, 2024) (quoting *Cnty. Line Nurseries & Landscaping, Inc., ex rel. Bankr. Tr. v. Glencoe Park Dist.*, 46 N.E.3d 925, 932 (Ill. App. Ct. 2015)). Moreover, the "simple fact" that one party later seeks to memorialize an oral agreement with a written instrument does not eliminate the contractual force of the oral agreement, so long as "the ultimate contract will be substantially based upon the same terms." *See also TRT Transp., Inc. v. Aksoy*, 506 F. App'x 511, 513 (7th Cir. 2013) (quotation marks omitted).

The defendants correctly note that two factors cut in their favor: the plaintiff was offered consideration to which she had no legal entitlement, and her release was not induced by improper conduct. That said, other factors pull against a finding of knowing and voluntarily consent. Wilson was not represented by counsel, did not "read the release before signing it" since the agreement was oral, possessed education ("some college") and business experience dwarfed by that of defense counsel, and had little time to deliberate since the initial proposal and oral agreement occurred on the same afternoon.

The defendants also provide no basis to conclude that Wilson had "input in negotiating the terms of the settlement." *Id.* In their motion, the defendants assert that IDHR's mediation process gave Wilson an "opportunity to communicate with the IDHR mediator and opportunity for input." ECF No. 37 at 6. Having an "opportunity for input," however, is less a faithful paraphrase of the second *Pierce* factor and more an irreducible minimum of *any* voluntary agreement. The proper consideration is whether the opportunity to provide input was acted upon. The defendants do not assert that Wilson exerted any influence over the agreement's terms. And the fact that the defendants drafted every word of the follow-up written settlement does little to help their cause.

The Court considers Wilson's post-mediation conduct to be telling as well. On June 8, approximately two weeks after the oral agreement, Wilson filed a statement on the docket. *See* ECF No. 17. The statement emphasized that the written settlement agreement had been "typed by the defendants' attorney with the defendants' words." *Id.* at 1-2. Furthermore, Wilson stated that she intended to sign the agreement but only "under distress and pressure of mental abuse." *Id*. While the Court does not construe this as decisive proof of duress, Wilson's filing is another relevant consideration supporting the conclusion that the defendants have not met their burden of affirmatively demonstrating knowing and voluntary consent. *Contrast Dillard*, 483 F.3d at 507 (enforcing an agreement where a party made "only a superficial claim of involuntariness" and did not allege duress or coercion).

In the absence of additional documentation or evidence, the Court finds that the balance of pertinent considerations cuts against the conclusion that Wilson knowingly and voluntarily agreed to release her Title VII claim during IDHR mediation. So, the Court declines to dismiss the complaint on that basis.

2. **Sufficiency of the Complaint**

The defendants cite Rule 12(b)(6) as an alternative basis for dismissal. To prevail against a 12(b)(6) challenge, a plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, meaning that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-

pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). *Pro se* complaints are to be construed even more liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[2]

The defendants submit that the single isolated incident that Wilson emphasizes in her complaint—a co-worker laughingly removing a scarf that had been wrapped around Wilson's clothed waist in full view of other colleagues—is insufficient to support a claim of sex discrimination under Title VII. The Court agrees.

Sexual harassment does not violate Title VII unless it is "subjectively and objectively so severe or pervasive as to alter the conditions of [] employment and create an abusive working environment." *Whittaker v. N Illinois Univ.*, 424 F.3d 640, 645 (7th Cir. 2005) (quoting *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 975 (7th Cir.2004)). At the screening stage, this Court ruled that Wilson's allegations did not meet that definition, and Wilson has provided no basis to reconsider that determination.[3]

The defendants also contend that Title VII does not permit individual liability. Once again, the Court agrees. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922 (7th Cir. 2017); *Lugo v. IBEW Local #134*, 175 F. Supp. 3d 1026 (N.D. Ill. 2016). Because Title VII extends to employers and not individual officers, and because the complaint does not allege the factual predicates of an alternative theory of liability as to Popp, the Court dismisses Popp as a defendant.

That leaves Wilson's retaliation claim. To support a direct theory of retaliation under Title VII, a plaintiff must allege that "(1) she engaged in a statutorily protected activity, (2) her employer took a materially adverse action against her, and (3) there was a causal connection between the two." *Malin v. Hospira, Inc.*, 762 F.3d 552, 558 (7th Cir. 2014).

Moss contends that Wilson has failed to allege an adequate factual basis to support the third prong of her retaliation claim: a causal link between protected activity and her employer's decision to terminate her employment. To satisfy the causation element, plaintiff must plausibly allege that "a retaliatory motive was a but-for cause of the challenged employment action"—or, in other words, "that the unlawful retaliation would not have occurred in the absence of the alleged

---

[2] In keeping with the liberal construction afforded to *pro se* complaints, the Court considers the factual allegations contained in both the body of Wilson's complaint and in the attached discrimination charge Wilson filed before the Illinois Department of Human Rights and Equal Employment Opportunity Commission. *See* Order & Statement, ECF No. 7 at 2.

[3] While the Court agrees with the defendants' bottom line on this point, it decidedly rejects one aspect of their reasoning. The defendants assert categorically that "it is well-settled that a singular isolated event is insufficient to support a sexual harassment claim." ECF No. 37 at 7. That misstates the law. A cursory overview of this circuit's case law underscores that the opposite is true: Our Court of Appeals has "repeatedly recognized that even one act of harassment will suffice if it is egregious." *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 808 (7th Cir. 2000) (collecting cases).

wrongful action or actions of the employer." *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 915 (7th Cir. 2022). Wilson alleges that she reported that she had been sexually harassed to police the next morning, May 17, and to Popp, her supervisor, when she reported to work later that day. Such a complaint is a protected activity, whether or not the claims underlying the complaint are actionable. *See Rizzo v. Sheahan*, 266 F.3d 705, 715 (7th Cir. 2001) (holding that reporting sexual harassment to a supervisor is protected activity); *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (holding that plaintiff need not prevail on a Title VII discrimination claim to win a retaliation claim, as long as the complaint was brought in good faith). In addition, Wilson alleges that Moss fired her the next day, a temporal proximity that supports an inference of causation. *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 957 (N.D. Ill. 2013) (termination within a week of complaint sufficient to support inference of retaliation at motion-to-dismiss stage). Wilson also alleges facts to support an inference that the reason Moss gave for her termination was pretextual; she alleges that she never received the productivity standards that Moss said she had failed to achieve and had never been advised that her performance was not meeting expectations. (To the contrary, Wilson alleges that on several occasions there was not enough work to keep the night shift, to which she was assigned, busy). *See Jordan v. Evans*, No. 15 C 5907, 2019 WL 4278179, at *9 (N.D. Ill. Sept. 9, 2019) (departure from the employer's typical policies and procedures can constitute evidence of pretext).

Nevertheless, Wilson alleges additional facts that call into question the viability of her retaliation claim. Specifically, Wilson asserts that she was also terminated for insisting that her supervisor's "bullying" was an "intentional act to provoke and disrupt the deadline of [her] work duties." ECF No. 1 at 9. Wilson further maintains that she was terminated in retaliation for filing a police complaint against the company concerning alleged financial fraud, hacking, and deceptive practices concerning her bank account information. *Id.* While those allegations concern wrongdoing, Moss argues, they have nothing to do with the anti-discrimination activity shielded by Title VII and therefore preclude a finding that reporting sexual harassment was a but-for cause of her termination.

To satisfy the requirement of "but for" causation, a plaintiff must demonstrate that the protected activity was "*the* but-for cause of the challenged employment action," not merely a motivating factor or one of many but-for causes. *Mollet v. City of Greenfield*, 926 F.3d 894, 897 (7th Cir. 2019) (quoting *University of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)). This requires a showing (plausible allegations, on a motion to dismiss) that the adverse action would not have happened without the protected activity. *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 918 (7th Cir. 2022). "[P]roof of mixed motives will not suffice." *Hillmann v. City of Chicago*, 834 F.3d 787, 795 (7th Cir. 2016) (quoting *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 962 (7th Cir. 2010)).

Having pled that she was terminated for multiple reasons, Wilson fails the "but for" test. As Justice Ginsburg observed in opposing adoption of the "but for" causation standard for Title VII retaliation claims, "[w]hen more than one factor contributes to a plaintiff's injury, but-for causation

5

is problematic." *Nassar*, 570 U.S. at 383 (citing 1 Restatement (Third) of Torts § 27, Comment *a,* p. 385 (2005) (noting near-universal agreement that the but-for standard is inappropriate when multiple sufficient causes exist)). If, as she has alleged, Wilson was also terminated for complaining about bullying by her supervisor and for filing a criminal complaint accusing HR staff of defrauding her, her retaliation claim falls short of establishing that she would not have been terminated but for reporting her claim of sexual harassment.

      In sum, the Court finds that the complaint does not state a claim of sex discrimination under Title VII because the single incident alleged by Wilson is insufficiently egregious to create a hostile work environment. Moreover, the Court dismisses defendant Popp in light of the fact that Title VII does not impose individual liability. And, in any case, the Court concludes that Wilson has not plausibly alleged retaliation since, by her complaint's own terms, any protected activity she might have engaged in was not the but-for cause of her termination.

Dated: March 24, 2025

John J. Tharp, Jr.
United States District Judge

6